# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

### No. 558

NAT. BOND & INVEST. CO. v. DENNIS, etc.
Ohio Appeals, 6th Dist. Lucas Co.
No. 1821.   Decided April 11, 1927.
Note:—Judges Houck and Lemert of the 5th Dist. and Judge Justice of the 3rd Dist., sitting in place of Judges Richards, Williams and Lloyd of the 6th Dist.

**557.   FRAUD—Fraud is never presumed but must be established by that degree of proof required in law.**
First Publication of this Opinion

HOUCK, J.

This is a suit in equity and reaches this court on an appeal taken from the judgment of the Court of Common Pleas. The action was for the rescission of a contract of sale of a note and mortgage endorsed without recourse. Rescission was asked on the grounds of fraud. The Court of Appeals found for the defendant as follows:—

We think the rule of law is well settled that where there is fraud, a court of equity will grant relief.   The testimony in this case fails absolutely to establish the fraud claimed.   It must be remembered that fraud is never presumed but it must be established by that degree of proof required in law.

Judgment for defendant.

(Lemert and Justice, JJ., concur).

Attorneys—Ritter & Brumback for Nat. Bond & Invest. Co., Elmer E. Davis for Dennis; all of Toledo.

### No. 559
### RED TOP CAB CO. v. WHITFIELD
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 7388.   Decided May 16, 1927

**1016.   RELEASE—Not improper for court to submit question as to whether plaintiff signed release when it was denied by him—and where jury brings in general verdict in his favor.**
First Publication of this Opinion

VICKERY, J.

The Red Top Cab Co. was sued by William Whitfield in the Cuyahoga Common Pleas to recover for certain injuries claimed to have been sustained when he was struck by a cab of the company.   The Cab Company claimed that there had been a settlement and release of the claim and Whitfield was not entitled to recover.   Judgment was rendered in favor of Whitfield, and error was prosecuted and the Court of Appeals held:—

1.   We adhere to the doctrine that a release obtained under certain circumstances is a voidable contract and can be avoided by the plaintiff by making a proper tender back of the amount he received for said release and offering to place the other person in statu quo.

2.   The petition did not set up the release but the answer did.   It was flatly denied by Whitfield that there was such a release which was signed by a mark.

3.   In submitting the interrogatory propounded by the company, "Did the plaintiff knowingly sign this release?", the court did not violate any proprieties but put the question fairly to the jury.

4.   It was submitted as were the other issues and the jury found generally for the plaintiff so that the verdict is unassailable.

Judgment affirmed.

(Sullivan, P. J. and Levine, J., Concur.)

Attorneys—J. H. McNeal and Henry J. Reed for Company; Bernsteen & Bernsteen and M. S. Fishel for Whitfield; all of Cleveland.